IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMIE MICHEL COKES, FF-4442,  )
    Petitioner,  )
      )
    v.  ) Civil Action No. 08-0077
      )
JOHN KERESTAS, et al.,  )
    Respondents.  )

Mitchell: M.J.

MEMORANDUM AND ORDER

Jamie Michel Cokes has presented a petition for a writ of habeas corpus for which he has paid the filing fee. For the reasons set forth below, the petition will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 and the Clerk will be directed to administratively close this case.

Cokes is presently incarcerated at the State Correctional Institution-Mahanoy serving a five to ten year sentence imposed following his conviction, by a jury, of voluntary manslaughter at No. CC20009603 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on November 13, 2002. An appeal was taken to the Superior Court which affirmed the judgment of sentence on April 23, 2004, and leave to appeal to the Pennsylvania Supreme Court was denied.

The instant petition was execute on January 1, 2008. However, this is not the first federal challenge that the petitioner has direct at this conviction. Cokes filed a federal habeas corpus petition in this Court at C.A. 07-1513 challenging the same conviction he seeks to challenge here

and raising the same issues. In a Report and Recommendation filed on January 15, 2008, and adopted by the Court on February 11, 2008 the latter petition was dismissed for procedurally defaulting the available state court remedies.[1]

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because it would appear that this Court cannot consider the instant petition without leave of the Court of Appeals, the petition of Jamie Michel Cokes for a writ of habeas corpus will be

---

[1] A copy of the Report and Recommendation filed at C.A. 07-1513, is attached hereto.

transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631.

Entered: February 19, 2008

s/Robert C. Mitchell,
United States Magistrate Judge

ORDER

AND NOW, this 19th day of February, 2008, for the reasons set forth in the foregoing Memorandum, the above captioned petition of Jamie Michel Cokes for a writ of habeas corpus is transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. §1631,

And it is further ordered that the Clerk of Court administratively close this case.

s/ Robert C. Mitchell,<br>
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMIE COKES, FF-4442, )
    Petitioner, )
)
    v. ) Civil Action No. 07-1513
)
JOHN KERESTAS, et al., )
    Respondents. )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Jamie Cokes for a writ of habeas corpus be dismissed for lack of a viable constitutional issue; that because no reasonable jurist could conclude that a valid basis for appeal exists, a certificate of appealability be denied, and that judgment be entered accordingly.

II. Report:

Jamie Cokes, an inmate at the State Correctional Institution - Mahanoy has presented a petition for a writ of habeas corpus which he has been granted leave to pursue in forma pauperis.

Cokes is presently serving a five to ten year sentence imposed following his conviction, by a jury, of voluntary manslaughter at No. CC 200009603 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on January 13, 2003.[2]

An appeal was taken to the Superior Court in which the issues presented were:

---

[2] See: Petition at ¶¶ 1-7 as corrected by the answer of the Commonwealth.

1. The trial court erred by allowing the Commonwealth to show the murder weapon to the jury.

2. The trial court erred by allowing the Commonwealth to cross-examine Cokes about other weapons he owned.

3. Defense counsel was ineffective for failing to object to the Commonwealth comparing him in closing argument to Bernie Goetz, the infamous vigilante.

4. The trial court improperly allowed the Commonwealth to cross-examine him about the entries he made in his journal.[3]

On April 23, 2004, the judgment of sentence was affirmed.[4] Leave to appeal to the Pennsylvania Supreme Court was not sought. However, Cokes filed a pro-se post-conviction petition for which counsel was appointed and filed an amended petition on November 14, 2005 seeking reinstatement of petitioner's right to file a petition for leave to appeal to the Pennsylvania Supreme Court.[5] That petition was granted on December 8, 2005.[6] On September 19, 2006, leave to appeal was denied by the Pennsylvania Supreme Court and the instant petition was executed on October 23, 2007 and submitted to this Court on November 8, 2007.[7]

In the present petition, Cokes contends he is entitled to relief on the following grounds:

1. I am in prison being harassed and denied my right to appeal and all legal documents in confinement.

---

[3] See: Exhibit 3 to the answer of the Commonwealth which is a copy of the Superior Court memorandum of April 23, 2004. In that Memorandum, the Superior Court also observed that the petitioner abandoned the fourth issue he raised on appeal.

[4] Id.

[5] See: Exhibit 4 to the answer of the Commonwealth.

[6] See: Exhibit 6 to the answer of the Commonwealth.

[7] The Commonwealth correctly concedes that the instant petition is not time barred (See: page 5 of the answer).

2. Ineffective lawyers that didn't raise even State and Federal Constitutional issues.[8]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

---

[8] See: Petition at ¶¶ 13 and 14.

Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

Additionally, in Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

In the instant case, the issues which the petitioner seeks to raise here, have not been raised

8

in the courts of the Commonwealth nor does the petitioner demonstrate any reasonable basis for his failing to do so. Thus, he has defaulted in exhausting the available state court remedies, and his petition here should be dismissed.[9]

For the reasons set forth above, it is respectfully recommended that the petition of Jamie Cokes for a writ of habeas corpus be dismissed for lack of a viable constitutional issue; that because no reasonable jurist could conclude that a valid basis for appeal exists, a certificate of appealability be denied, and that judgment be entered accordingly.

Within thirteen (13) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell,
Entered: January 15, 2008    United States Magistrate Judge

---

[9] However, we also note that if the petitioner seeks to persist in his claim that prison officials hampered his right to appeal, he may attempt to do so in a §1983 action, the forms for which are available from the office of the Clerk of this Court. Nevertheless, we also observe that the petitioner's rights to appeal were reinstated nunc pro tunc and his litigation was unsuccessful. For this reason, pursuing a §1983 action appears to be unwarranted.